UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEBORAH HAND,

                Plaintiff,

- against -

NEW YORK CITY HOUSING PRESERVATION
AND DEVELOPMENT,

                Defendant.
-------------------------------------------------------------------X

ORDER ADOPTING
REPORT AND RECOMMENDATION
11-CV-1076 (RRM) (JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff, *pro se*, Deborah Hand commenced this action against defendant New York City Housing Preservation and Development (the "City") alleging, *inter alia*, that the City subjected her to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). (Compl. (Doc. No. 1).) Following negotiations with the assistance of a court-sponsored mediator, the parties signed a handwritten document (the "Preliminary Agreement"). (*See* Prelim. Agreement (Doc. No. 101-1).) Six days later, Hand moved to "revoke" the Preliminary Agreement and proceed to trial. (Pl. Mot. (Doc. No. 96).) The City cross-moved to enforce the Preliminary Agreement. (Def. Mot. (Doc. No. 101).) By Order entered February 23, 2017, this Court referred the motions to Magistrate Judge James Orenstein for a Report and Recommendation. (*See* 2/23/17 Order.)

      Judge Orenstein issued a Report and Recommendation (the "R&R") recommending that the Court grant Hand's motion and deny the City's cross-motion. (*See* R&R (Doc. No. 106).) Both parties filed timely objections to the R&R. (*See* Pl. Obj. (Doc. No. 108); Def. Obj. (Doc. No. 110).) For the reasons below, this Court adopts the R&R in its entirety.

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, the district court "shall make a *de novo* determination of those portions of the Report and Recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). However, if a party "simply reiterates [its] original arguments, the Court reviews the Report and Recommendation only for clear error." *Libbey v. Vill. Of Atl. Beach*, 982 F. Supp. 2d 185, 199 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007).

## DISCUSSION

The Court assumes familiarity with the facts, procedural history, and background of this matter as set forth in the R&R, none of which is in dispute. (*See* R&R at 1–3.)[1] At the outset, the Court notes that both parties' objections are largely a "second bite at the apple," as they

---

[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

reiterate the arguments made before and rejected by the Magistrate Judge. (*See generally* Pl. Mot; Pl. Obj.; Def. Mot.; Def. Obj.)

In his R&R, Judge Orenstein applied the four factors set forth in *Winston v. Mediafare Entm't Corp.*, 777 F.2d 78 (2d Cir. 1985) to determine whether the parties intended to bind themselves to the Preliminary Agreement before they executed "what both parties consider to be [the] final document."[2] *Winston*, 777 F.2d at 80. Pursuant to *Winston*, the Court is to consider the following factors, none of which is dispositive:

> (1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing.

*Id.* at 80 (citations omitted). Judge Orenstein found that the first factor minimally favors the City, and all of the others favor Hand. Weighing all of the factors together and taking into account all of the circumstances of the case, Judge Orenstein concluded that the parties have not entered into a binding settlement agreement and recommended that the Court grant Hand's motion.

Hand asserts that Judge Orenstein erred in finding that the first *Winston* factor "in any way favors the City." (Pl. Obj. at 1.) In turn, the City asserts that the Magistrate Judge correctly found that the first *Winston* factor favored the City, but erroneously found that the remaining three *Winston* factors favored Hand. (*See generally* Def. Obj.) Thus, the City contends that the parties entered into a binding settlement agreement, Hand's motion should be denied, and the

---

[2] In their objection to the R&R, the City suggests that the *Winston* factors may be inapplicable to this case because the parties entered into a written Preliminary Agreement. The City made the identical argument in its original motion and provides no additional law to warrant this "second bite at the apple." (*See* Def. Mot. at 1–3; Def. Obj. at 12–13; R&R at 3–4.) Accordingly, the Court has reviewed Judge Orenstein's decision to apply the *Winston* factors for clear error and, finding none, the Court finds that the *Winston* factors apply.

3

City's cross-motion should be granted. (*See id.*) For the reasons stated below, the Court finds that, based on a review of all of the *Winston* factors, the parties did not enter into a binding settlement agreement.

I. **Express Reservation**

The first factor to consider is "whether there has been an express reservation of the right not to be bound in the absence of a writing." *Winston*, 777 F.2d at 80. As Judge Orenstein correctly noted, neither party expressly reserved the right not to be bound in the absence of a written agreement. (*See* R&R at 4; *see, e.g.*, Prelim. Agreement.) In her objection, Hand contends that the magistrate judge erred in finding that this factor even minimally favors enforcement of the Preliminary Agreement because the Preliminary Agreement expressly contemplates that the parties will enter into a formal writing. However, Hand simply reiterates her original arguments and provides no additional evidence to warrant a "second bite at the apple." (*See* Pl. Obj. at 1–2.) Accordingly, as Judge Orenstein noted, this factor slightly favors the City.[3]

II. **Partial Performance**

The second factor is "met when one party has partially performed its obligations under the settlement, and that performance has been accepted by the party disclaiming the existence of an agreement." *Conway v. Brooklyn Union Gas Co.*, 236 F. Supp. 2d 241, 250 (E.D.N.Y. 2002) (quoting *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 325 (2d Cir. 1997)); *see Winston*, 77 F.2d at 80. As Judge Orenstein correctly noted, neither party has performed any of

---

[3] To the extent that the City argues that the first factor is the "weightiest of the four" and should not be given minimal weight, the Court notes that "no single factor is decisive." *See Powell v. Omnicom*, 497 F.3d 124, 129–30 (2d Cir. 2007) (internal citation and quotation marks omitted). In any case, courts place considerable weight on the first factor where there is an express reservation not to be bound, not – as here – where neither party expressly reserved that right. *See RKG Holdings, Inc. v. Simon*, 182 F.3d 901 (2d Cir. 1999). As discussed herein, weighing all of the factors together and taking into account all of the circumstances of the case, the Court finds that the parties have not entered into a binding settlement agreement.

4

the three terms of the Preliminary Agreement: the City has not paid Hand $32,000, Hand has not dismissed the case with prejudice, and the parties have not formalized a settlement agreement of any kind. (*See* Prelim. Agreement; *see also* R&R at 4–5.) In its objection, the City again argues that it partially performed the terms of the agreement by drafting and forwarding a proposed written agreement to Hand. (*See* Def. Obj. at 16–19; Def. Mot. at 3.) This argument, largely a "second bite at the apple," is unavailing even under *de novo* review.

Just as in its original motion to Judge Orenstein, the City cites cases finding that a defendant's act of delivering draft documents to a plaintiff constitutes partial performance. (*See* Def. Obj. at 16–19.) However, unlike the plaintiffs in those cases, Hand moved to revoke the settlement before the City delivered any draft documents. (*See, e.g.*, Pl. Mot.)[4] Moreover, the second *Winston* factor focuses on whether there has been partial performance of the contract, not whether there has been partial performance of the actions necessary to form the contract. *See Delgrosso v. City of New York*, No. 11-CV-4876 (MKB), 2013 WL 5202581, at *8 (E.D.N.Y. Sept. 13, 2013) ("Although the preparation of settlement paperwork may provide some indication of the preparer's belief that a settlement has been reached, it does not constitute a change in position, and no substantive rights of the parties have been affected in any way by the mere drafting of the documents."); *see also Edwards v. City of New York*, No. 08-CV-2199 (FB) (JO), 2009 WL 2865823, at *5 (E.D.N.Y. May 22, 2009); *Alvarado v. Five Town Car Wash, Inc.*, No. 13-CV-1672 (RJD) (JO), 2014 WL 252015, at *2 (E.D.N.Y. Jan. 22, 2014). Here, the City's preparation of draft documents was not a term of the Preliminary Agreement. Thus, no

---

[4] *See also Samuel v. NYC Bd. of Educ.*, No. 12-CV-4219 (ENV) (LB), 2015 WL 10791896, at *4 (E.D.N.Y. Aug. 11, 2015), *aff'd sub nom. Samuel v. NYC Bd. of Educ.*, 668 F. App'x 381 (2d Cir. 2016) (finding that defendant's act of delivering draft documents to plaintiff before plaintiff expressed an intent to revoke the settlement constituted partial performance); *Wesley v. Corr. Officer Badge #9417*, No. 05-CV-5912 (HB), 2008 WL 41129, at *2–3 (E.D.N.Y. Jan. 2, 2008) (same); *United States v. U.S. Currency in the Sum of Six Hundred Sixty Thousand, Two Hundred Dollars ($660,200.00), More or Less*, 423 F. Supp. 2d 14, 28–29 (E.D.N.Y. 2006) (same).

party has performed any of the three terms in the Preliminary Agreement to which the parties actually agreed. Accordingly, partial performance did not occur – a fact that weighs in favor of revoking the settlement agreement.

### III.     Material Terms Agreed Upon

The third factor is "whether there was literally nothing left to negotiate." *Winston*, 777 F.2d at 82 (internal citation and quotation marks omitted). Courts analyzing this factor focus on whether the parties agreed on all material terms; however, even "minor" or "technical" points of disagreement in draft settlement documents are sufficient to demonstrate that the parties have not agreed to all terms of the settlement. *Id.* (finding that the parties' continual redrafting of the settlement documents indicated that the minor changes must have been important enough to the parties to delay final execution of the agreement). In its objection, the City contends that Judge Orenstein erred in finding that the parties had not agreed on all material terms because: (1) the Preliminary Agreement reflects that Hand agreed to sign a general release, which implicitly includes "a release of all possible claims against [the City]"; and (2) the City's inclusion of an affidavit concerning Hand's liens did not alter the settlement agreement to make it contingent upon Hand having no liens.[5] (*See* Def. Obj. at 19–23.) The City's objections are unavailing.

Courts have repeatedly found a purported settlement agreement unenforceable where there was no "meeting of the minds" on the scope of a general release. *See Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.*, 447 F. Supp. 2d 329, 337 (S.D.N.Y. 2006) (finding settlement unenforceable because the parties' differing understandings of the general release's scope

---

[5] The City also argues that added language concerning no admission of wrongdoing by the City is boilerplate language that does not amount to an additional term. The Court agrees with the City that the language is boilerplate and does not constitute a "material term" for purposes of the third *Winston* factor. *See Lopez v. City of New York*, 242 F. Supp. 2d 392, 394 (S.D.N.Y. 2003) (finding similar language was boilerplate and did not constitute a "material term"). Notwithstanding that fact, the differing understandings of the general release's scope and the disagreements over the affidavit of liens demonstrate that the Preliminary Agreement did not contain all of the terms of the settlement.

6

demonstrated that the parties had not agreed on all material terms); *Grgurev v. Licul*, No. 15-CV-9805 (GHW), 2016 WL 6652741, at *6 (S.D.N.Y. Nov. 10, 2016) (same); *Cruz v. OneSource Facility Servs., Inc.*, No. 03-CV-9233 (LAP), 2005 WL 2923517, at *3 (S.D.N.Y. Nov. 4, 2005) (same). Here, the Preliminary Agreement reflects that the settlement agreement will include a "general release." However, as evidenced by Hand's opposition to the settlement and its additional language, the parties did not agree on the full scope of that release. (*See* Pl. Opp'n (Doc. No. 104) at 3–4; Prelim. Agreement at ¶ 3; Proposed Settlement (Doc. No. 101-3) at 8.) The City provides no evidence to suggest that the term "general release" in the Preliminary Agreement implied a release of all possible claims against the City "from the beginning of time until the date of [the General] Release." (*See* Def. Obj. at 21; Prelim. Agreement at ¶ 3; Proposed Settlement at 8.) Accordingly, the parties' differing understandings of the general release's scope demonstrates that there were material terms "left to negotiate." *See Winston*, 777 F.2d at 82.

Moreover, although the parties agreed to an "affidavit concerning liens" in the Preliminary Agreement, the City's proposed settlement agreement sought to have Hand attest to facts, other than those "concerning liens," that she disputed. (*See* Pl. Mot. at 2; Pl's Opp'n at 2, 4; Proposed Settlement at 11 (draft affidavit requiring Hand to disavow, *inter alia*, "the receipt of Workers' Compensation or New York State Disability benefits" and "any receipt of public assistance").) "The existence of even minor or technical points of disagreement in draft settlement documents [are] sufficient to forestall the conclusion that a final agreement on all terms had been reached." *See Ciaramella*, 131 F.3d at 325. Here, the disagreements over the affidavit of liens demonstrate that there were material terms "remaining to be negotiated such

that the parties would not wish to be bound until they synthesized a writing." *See Powell*, 497 F.3d at 130. Accordingly, the third *Winston* factor favors Hand.

## IV. Agreement Usually Committed to Writing

As to the final factor, "[s]ettlements of any claim are generally required to be in writing or, at a minimum, made on the record in open court." *Ciaramella*, 131 F.3d at 326. Here, of course, the parties have not executed a formal writing, nor have they read the terms of an agreement into the record in open court. In its objection, the City argues that "the agreement at issue was in fact reduced to writing" and executed by both parties. (*See* Def. Obj. at 23–24 (relying largely on *Galanis v. Harmonie Club of City of New York*, No. 13-CV-4344 (GHW), 2014 WL 4928962 (S.D.N.Y. Oct. 2, 2014) and *McLeod v. Post Graduate Ctr. For Mental Health*, No. 14-CV-10041 (ALC) (JCF), 2016 WL 6126014).) In *Galanis*, the court found that the settlement agreement was reduced to writing because the parties exchanged emails memorializing the agreement and its material terms. *See Galanis*, 2014 WL 4928962, at *11; *see also Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC*, No. 04-CV-1621 (KMW), 2005 WL 1377853, at *9–10 (S.D.N.Y. June 9, 2005). Similarly, in *McLeod*, the court found that the settlement agreement was reduced to writing because the parties executed a "memorandum of understanding" that included all material terms of the settlement agreement. *See McLeod*, 2016 WL 6126014, at *2. In this case, the parties executed the Preliminary Agreement in writing; however, unlike the writings in *Galanis* and *McLeod*, the Preliminary Agreement did not constitute a final settlement agreement because the parties have not agreed on all material terms. (*See supra* Section III.) As a result, this factor does not favor enforceability.

In short, weighing all *Winston* factors together and taking into account all of the circumstances of this case, the Court finds that the parties have not entered into a binding settlement agreement.

**CONCLUSION**

After *de novo* review of Magistrate Judge Orenstein's thorough and well-reasoned Report and Recommendation, as well as the factual and procedural record upon which it is based, and the parties' objections, the Court adopts the Report and Recommendation (Doc. No. 106) in its entirety.

Accordingly, Hand's motion to revoke the settlement (Doc. No. 96) is granted, and the City's cross-motion to enforce the settlement agreement (Doc. No. 101) is denied.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, *pro se*, Deborah Hand and note the mailing on the docket.

This action is re-committed to Magistrate Judge Orenstein for all remaining pre-trial matters.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
September 25, 2017

_____
ROSLYNN R. MAUSKOPF
United States District Judge